UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HOUSTON BYRD, JR., <br><br> Plaintiff, <br><br> v. <br><br> JUDGE KAREN A. JANISCH, <br><br> Defendant. | Civil No. 18-913 (SRN/DTS) <br><br><br> REPORT AND RECOMMENDATION |

This matter is presently before the Court for review of Plaintiff Houston Byrd, Jr.'s *pro se* Complaint and Application for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 3. For the reasons outlined below, the Court recommends that the IFP application be denied and the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim because the only named Defendant is immune from suit.

Byrd's Complaint is unclear but he repeatedly refers to a case he filed in the Minnesota state court for Hennepin County against General Mills, Civil Case # 27-cv-15-20681, which appears to have been dismissed on March 27, 2017. ECF No. 1 at 6 ("prior to the sua sponte dismissal"); ECF No. 1-1 at 8; *see also* Minnesota Register of Actions, http://pa.courts.state.mn.us. Byrd appears to disagree with the outcome of the case and the court fees associated with litigating the matter and he seeks to sue the presiding judge, Karen A. Janisch. ECF No. 1 at 6, 11. The Complaint contains very few factual allegations but rather is comprised mostly of state court pleadings, federal court forms that are either blank or filled with quotes from legal materials, and generalized and conclusory claims of unfairness.

Although Byrd qualifies financially for IFP status, an IFP applicant's Complaint will be dismissed if the Complaint fails to state a cause of action on which relief may be granted or seeks monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In this case, the only named Defendant, Judge Karen Janisch, is immune from suit under the doctrine of judicial immunity. It is well-settled that judges are absolutely immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986). There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge is being sued for actions that were not taken in his or her judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." *Mireles*, 502 U.S. at 11-12. Neither of those circumstances is present here. Byrd's disagreement with the dismissal of his state court action is insufficient. The

dismissal of the case was obviously taken while Judge Janisch was serving in her judicial capacity and there are no allegations suggesting she acted "in the complete absence of jurisdiction." Byrd obviously believes that the Judge misapplied the law, deprived him of his legal rights, or committed other errors. However, "[a judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson*, 386 U.S. at 554. The alleged misdeeds occurred while the defendant was serving as a judge in a matter that was properly before her and "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11.

For the reasons discussed above, this Court therefore recommends that Byrd's pending IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further recommended that Byrd's pending Motion for Default Judgment be denied as moot.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff Houston Byrd, Jr.'s Application For Leave to Proceed *In Forma Pauperis* (ECF No. 3) be DENIED;

2. This action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii);

3. Byrd's Motion for Default Judgment (ECF No. 5) be DENIED as moot.

Dated:     May 21, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).