## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Houston Byrd, Jr.,** | File No. 18-cv-913 (SRN/DTS) |
| **Plaintiff,** | |
| | ORDER ADOPTING REPORT |
| v. | AND RECOMMENDATION |
| **Judge Karen A. Janisch,** | |
| **Defendant.** | |

Houston Byrd, Jr., 241 N. 10th Street, Newark, OH 43055, *pro se*

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge David Schultz dated May 21, 2018 [Doc. No. 6]. In the R&R, Magistrate Judge Schultz recommends that: (1) Plaintiff Houston Byrd, Jr.'s Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") [Doc. No. 3] be denied; (2) this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) because the only named Defendant, Judge Karen Janisch, is immune from suit; and (3) Byrd's Motion for Default Judgment [Doc. No. 5] be denied as moot. On June 1, 2018, the Clerk of Court received and filed two documents sent by Byrd: (1) a document titled "Motion for Objections, Findings and Factual Reconsideration" ("Objection") [Doc. No. 7]; and (2) a letter again objecting to the R&R ("Objection Letter") [Doc. No. 8]. This Court construes both of these documents collectively as Byrd's Objections to the R&R.

For the reasons set forth below, and based on a full, *de novo* review of the relevant files and records, this Court overrules Byrd's Objections and adopts the R&R in its entirety.

**I.     BACKGROUND**

On April 2, 2018, Byrd filed a Complaint listing Judge Karen A. Janisch as the sole Defendant. (Compl. [Doc. No. 1] ¶ 2.) On the same day, Byrd filed his IFP Application. As correctly found by the magistrate judge, although it is difficult to discern the factual basis for Byrd's present suit, it appears from his filings that he was the plaintiff in a state court action in which Judge Janisch was the presiding judge. (*See* Ex. 1 to Compl. [Doc. No. 1-1] at 8–14.) That suit appears to have been dismissed, (*see* Compl. at 6), and in his present filings, Byrd takes issue with many aspects of that case. (*See, e.g.*, *id.* ("The [state] court has failed to address numerous Motions before it;" "The [state] court has failed to comply with the Rules of Court;" "A judge who deliberately or knowingly and arbitrarily disregards the legal standards, causing delay and expense to litigants is considered to have committed judicial misconduct.").) In addition to conclusory and generalized allegations that Judge Janisch acted unfairly or improperly, Byrd's Complaint is replete with quotes about the judicial code of conduct and the legal standards for summary judgment and negligence, among others. (*See id.* at 6–14.) Byrd's requested relief is for this Court to grant this matter "in its entirety OR Remand back to the tr[ial] court for proper adjudication due to fraud and perjury pursuant to the Rules of Court for Minnesota and their Constitution and the United States Constitution pursuant to the advice of U.S. Department of Justice." (*Id.* at 5.)

In the R&R, Magistrate Judge Schultz concluded that although Byrd qualifies financially for IFP status, "an IFP applicant's Complaint will be dismissed if the Complaint

fails to state a cause of action on which relief may be granted or seeks monetary relief against a defendant who is immune from suit." (R&R at 2 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii)).) The magistrate judge concluded that such dismissal was warranted here, as "the only named Defendant, Judge Karen Janisch, is immune from suit under the doctrine of judicial immunity." (*Id.*) The magistrate judge noted that "[i]t is well-settled that judges are absolutely immune from civil lawsuits that are based on allegedly wrongful acts or omissions that occurred while performing their judicial functions," and that neither of the two potential exceptions to this rule were present in this case. (*Id.*) As such, the magistrate judge recommended that Byrd's IFP Application be denied, that this action be dismissed in its entirety, and that Byrd's Motion for Default Judgment be denied as moot. (*Id.* at 3.) Byrd filed timely Objections.

## II.  DISCUSSION

The district court must undertake an independent, *de novo* review of those portions of the R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* D. Minn. LR 72.2(b)(3).

In his Objections, Byrd advances three primary contentions. First, he seems to allege that Judge Janisch is not actually immune from suit. (*See, e.g.*, Obj. at 3 ("Ms. Janish [sic] is a state employee so the numerous references to federal immunity cases are immaterial and irrelevant.").) Second, and relatedly, he argues that his Complaint should not be dismissed because, in his view, he has complied with the requirements of notice pleading set forth by Federal Rules of Civil Procedure 8 and 12. (*See* Obj. Letter at 1.) Finally, he appears to

suggest that because Judge Janisch failed to file an answer, he is entitled to an entry of default judgment, and that the magistrate judge impermissibly "argu[ed]" or advocated for Judge Janisch. (*See id.* ("The Defendant is in Default so why is the Magistrate arguing for the Defendant? One must question why the Defendant couldn't respond"); *id.* at 2 ("Judge Karen A. Janisch is clearly the defendant in this matter and not the Magistrate."); *see also* Obj. Letter at 1 (reciting Federal Rule of Civil Procedure 55 (default and default judgment)).)

This Court rejects each of Byrd's contentions. First, as the magistrate judge correctly noted, the doctrine of judicial immunity provides that a judge is absolutely immune from civil suits if "(1) the judge had jurisdiction over the subject matter, and (2) the acts complained of were judicial acts, *i.e.*, performed within the judicial capacity." *White v. Bloom*, 621 F.2d 276, 279 (8th Cir. 1980) (citations omitted). As the Supreme Court has explained:

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Mireles v. Waco*, 502 U.S. 9, 10 (1991) (internal quotation marks omitted). Furthermore "[a]bsolute immunity defeats a suit at the outset," *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1975), and it "is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11. Here, Byrd does not claim that Judge Janisch acted without jurisdiction, and there is absolutely no indication that her alleged conduct involved nonjudicial acts. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) ("An act is a judicial act if it is one

4

normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." (quoting *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982))). Accordingly, Judge Janisch is plainly immune from suit.

Second, because Judge Janisch is entitled to absolute judicial immunity, this suit must be dismissed. *See id.* (affirming district court's dismissal at pleadings stage based on judicial immunity); 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) (providing that in proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."). Byrd's arguments that he has met the notice pleading requirements of the Federal Rules of Civil Procedure are to no avail; as already described, absolute immunity defeats a suit at the very start, so Byrd has failed to state a claim upon which relief may be granted. *See Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) ("Appellants' section 1983 claims were properly dismissed because Judge Reagan is entitled to absolute immunity in this action.").

Finally, Byrd's arguments that Judge Janisch is in default fail for the same reasons. Having determined that this suit is barred by the doctrine of judicial immunity, any subsequent request for entry of default judgment is moot.

### III.   ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Houston Byrd, Jr.'s Objections [Docs. No. 7 & 8] are **OVERRULED**;

2. Magistrate Judge Schultz's R&R of May 21, 2018 [Doc. No. 6] is **ADOPTED** in its entirety;

3. Plaintiff Houston Byrd, Jr.'s Application for Leave to Proceed *In Forma Pauperis* [Doc. No. 3] is **DENIED**;

4. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); and

5. Plaintiff Houston Byrd, Jr.'s Motion for Default Judgment [Doc. No. 5] is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 22, 2018                                  s/Susan Richard Nelson
                                                      SUSAN RICHARD NELSON
                                                      United States District Judge